IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CASSEY TURK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:20-cv-156 |
| | ) | |
| vs. | ) | |
| | ) | |
| RAY SKILLMAN GMC TRUCK, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
**AND REQUEST FOR JURY TRIAL**

Comes now Plaintiff, Cassey Turk, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Cassey Turk, is a resident of Johnson County in the State of Indiana and a former employee of Defendant.

2. Defendant, Ray Skillman GMC Truck, Inc., is an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Ms. Turk filed a Charge of Discrimination (Charge 470-2020-00060) with the Equal Employment Opportunity Commission on or about October 30, 2019, alleging *inter alia*, that Defendant had discriminated against Plaintiff based on her sex, and retaliated against her for ending a sexual relationship under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission issued to Ms. Turk a 90-day Right to Sue letter on October 28, 2019.

5. Ms. Turk invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## General Facts & Specific Allegations

7. Plaintiff is a twenty-four (24) year old female who was employed by the Defendant as a Product Specialist.

8. Plaintiff at all times met or exceeded Defendant's legitimate performance expectations.

9. Shortly after she was hired, Plaintiff entered into a consensual sexual relationship with her general manager, J.B. Paxson.

10. Paxson is the son-in-law of Defendant's owner, Ray Skillman.

11. Around the last week of February 2019, Paxson's wife, Katie Paxson, learned of the relationship and confronted Plaintiff at work, and in front of management employees.

12. The following Monday, Mrs. Paxon told Plaintiff over the phone that she (Plaintiff) needed to go somewhere else.

13. That same day, Defendant moved Plaintiff from the dealership in Whiteland to one in Indianapolis.

14. Mrs. Paxson continued to threaten and harass Plaintiff on numerous occasions throughout the months of March and April.

15. In May, Plaintiff's new manager assigned her to a new position as Internet Sales Marketer and Plaintiff began to realize a pay increase due to the higher sales volume of the Indianapolis dealership.

16. On or about May 20, 2019, J.B. Paxson was transferred to the same Indianapolis dealership that Plaintiff was assigned to.

17. On May 22, 2019, Katie Paxson was at the dealership, after she left, the Plaintiff was moved back to original dealership where, at that time, she received a cut in pay.

18. On or about June 10, 2019, J.B. Paxson approached the Plaintiff and told her that she had ruined his life, cost him $100,000, and informed Plaintiff that he was going back to his wife.

19. When Paxson returned to his wife, Plaintiff informed him that their relationship was over and she cut off all communication with Paxson.

20. Mr. Paxson continued to make unwanted advances towards Plaintiff, but Plaintiff rebuffed all of them.

21. Mr. Paxson made up a fake email account in order to contact Plaintiff on or about July 8, 2019.

22. Afterwards, Paxson continued to make sexually suggestive comments to Plaintiff, sent sexually harassing emails to Plaintiff, and made additional requests for a sexual relationship.

23. Over the course of the next week, Paxson sent demeaning emails to the Plaintiff because he believed she was involved in another relationship.

24. On July 15, 2019, Paxson asked another employee to hand deliver a note to the Plaintiff that stated, among other things, "Fuck You Hoe!!!," "You need to leave Skillman and take your beat-up clit elsewhere" and "Enjoy being a Hoe!"

25. All of these behaviors were either reported to other management employees, or happened in the presence of other management employees.

**Count I**
**Title VII Sex**
**Sexual Harassment/Hostile Work Environment**

26. Plaintiff incorporates by reference Paragraphs one (1) through twenty-five (25) above.

27. Defendant discriminated against Ms. Turk on the basis of her sex when she was subjected to harassing behavior and a hostile work environment at the hands of its general manager, J.B. Paxson.

28. Defendant further discriminated against Plaintiff when Paxson's wife and Ray Skillman's step-daughter repeatedly came to Plaintiff's place of employment and made threatening comments to the Plaintiff.

29. Defendant further discriminated against Plaintiff by moving her from one dealership to another and back at the direction of Katie Paxson.

30. Defendant's actions created a work environment that was objectively and subjectively offensive.

31. The Defendant's harassment of the Plaintiff was because of her sex.

32. The conduct that Defendant subjected Plaintiff to was severe and pervasive and Defendant is liable for said conduct.

33. These actions violated Ms. Turk's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

34. As a result of the foregoing, Ms. Turk has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

35. As a result of Defendant's actions, Ms. Turk has incurred attorney fees and costs.

36. Defendant's actions were done with malice or willful reckless disregard to Ms. Turk's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

**Count II**
**Title VII Sex**
**Quid Pro Quo**

37. Plaintiff Incorporates by reference Paragraphs one (1) through thirty-six (36) above.

38. After Plaintiff ended the sexual relationship with her general manager, J.B. Paxson, he continued to demand that she engage in sexual acts with him.

39. Plaintiff refused Paxson's advances and Paxson sent Plaintiff a letter telling her to leave the company.

40. Plaintiff was harmed by Paxson's conduct and forced to seek other employment.

41. As a result of the foregoing, Ms. Turk has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

42. As a result of Defendant's actions, Ms. Turk has incurred attorney fees and costs.

43. Defendant's actions were done with malice or willful reckless disregard to Ms. Turk's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory

damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

**Count III**
**Retaliation**

44. Plaintiff Incorporates by reference Paragraphs one (1) through forty-three (43) above.

45. Plaintiff, engaged in a protected activity when she complained that Paxson's wife was harassing and threatening her.

46. Plaintiff also engaged in a protected activity when she refused to engage in a sexual relationship with Paxson and reported his actions to management.

47. Because of Plaintiff's complaints of harassment, Plaintiff was moved from one job to another and had her pay reduced.

48. Because of her complaints of harassment, Plaintiff was told to seek other employment.

49. These actions violated Ms. Turk's rights and were in violation of the Title VII of the Civil Rights Act of 1964.

50. As a result of the foregoing, Ms. Turk has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

51. As a result of Defendant's actions, Ms. Turk has incurred attorney fees and costs.

52. Defendant's actions were done with malice or willful reckless disregard to Ms. Turk's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory

damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

HENN HAWORTH CUMMINGS & PAGE
1634 West Smith Valley Road – Suite B
Greenwood, IN 46142
317-885-0041 - phone
888-308-6503 - fax

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 West Smith Valley Road – Suite B
Greenwood, IN 46142
317-885-0041 - phone
888-308-6503 - fax